UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MILWAUKEE METROPOLITAN
SEWERAGE DISTRICT,
    Plaintiff,

v.                                                          CASE NO. 05-C-1352

SEDGWICK OF ILLINOIS, INC.,
MARSH, INC.,
OWENS GROUP, INC.,
AMERICAN INTERNATIONAL
SPECIALTY LINES INSURANCE COMPANY, and
AID TECHNICAL SERVICES, INC.
(n.k.a AIG DOMESTIC CLAIMS, INC.),
    Defendants.

and

AMERICAN INTERNATIONAL
SPECIALTY LINES INSURANCE COMPANY,
    Third-Party Plaintiff,
v.

CRUMP INSURANCE SERVICES
OF ILLINOIS, INC., and
CRUMP GROUP, INC.
    Third-Party Defendants.

---

### ORDER DENYING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT

---

In this dispute over insurance coverage, plaintiff, Milwaukee Metropolitan Sewage District ("MMSD") seeks leave to amend its complaint to state a direct cause of action against Crump Insurance Services of Illinois, Inc. ("Crump"). Crump is already involved in this litigation as a

third-party defendant to claims brought by defendant and third-party plaintiff American International Specialty Lines Insurance Company ("AIG").

MMSD alleges that it recently discovered evidence that would support a direct claim against Crump. MMSD had previously believed that Crump was AIG's agent and thus not liable. However, during depositions, MMSD acquired additional information that it alleges would support a direct claim and therefore has sought to amend its complaint in an effort to recover from Crump in the event no coverage is found on the part of AIG. MMSD argues that Crump would not be prejudiced by the court permitting amendment at this time because Crump is already a third-party defendant in this case. (Docket No. 86 at 3.) Further, MMSD argues that it would be inequitable for the court to not permit amendment at this time because a denial may have the effect of denying MMSD a recovery in the event no coverage is found under the AIG policy. (Docket No. 86 at 3.)

Crump opposes MMSD's motion on the basis that it is untimely and would result in prejudice to Crump. Crump notes that mediation before Magistrate Judge William Callahan is scheduled to occur on September 20, 2007. (Docket No. 90 at 2; see also Docket No. 85.) Further, the depositions where MMSD allegedly discovered this new evidence occurred on May 10, 2007 and May 23, 2007, (Docket No. 86-2 at 2, ¶¶5-6), and thus MMSD had ample time to bring an earlier motion to amend the complaint. (Docket No. 90 at 2.) Crump also alleges that this new claim would require additional discovery. (Docket No. 90 at 3.) Finally, Crump argues that this allegedly new evidence does not support the claims MMSD seeks to raise. (Docket No. 90 at 3.)

Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). In the absence of "delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of

2

amendment" and other similar reasons, the motion to amend should be freely given. Foman, 371 U.S. at 182.

The discovery deadline in this case was extended to May 31, 2007 from the previously scheduled deadline of March 1, 2007. (Docket No. 81.) The case was commenced in November 2005, and removed to federal court on December 27, 2005. It was transferred to this court on the consent of the parties on February 6, 2006, and on June 1, 2006, Crump was named as a third-party defendant.

At the request of the parties, on March 19, 2007, this court referred this case to Magistrate Judge Callahan for mediation. (Docket No. 81.) In so doing, the court advised the parties that if mediation was not successful, the court would establish a date for filing motions for summary judgment. Magistrate Judge Callahan initially scheduled the mediation for June 13, 2007, (Docket No. 83), but it was rescheduled to September 20, 2007. It was not until August 3, 2007, more than two months after the close of the extended discovery period, and after this case had been scheduled and rescheduled for mediation, that MMSD sought to amend its complaint.

The court finds that MMSD's timing in bringing its motion to amend the complaint will unduly delay the efficient processing of this case and also result in prejudice to Crump. Permitting amendment at this late stage would likely force Crump to dramatically shift its strategy and posture regarding mediation. The fact that additional discovery would be required would likely result in a postponement of the mediation. Furthermore, the need for additional discovery would necessarily further delay a resolution of this case, which has been pending for almost two years. Therefore, because the court concludes that permitting MMSD to amend its complaint to state a direct cause of action against Crump would delay resolution of this case and result in prejudice to Crump, the court shall deny MMSD's motion to amend its complaint.

3

**IT IS THEREFORE ORDERED** that MMSD's motion to amend its complaint, (Docket No. 86), is **denied**.

**IT IS FURTHER ORDERED** that MMSD's motion for relief from Civil Local Rule 15.1, (Docket No. 87), is **denied as moot**.

Dated at Milwaukee, Wisconsin this 14th day of September, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge