UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MILWAUKEE METROPOLITAN**
**SEWERAGE DISTRICT,**
    Plaintiff,

v.                                                                                **CASE NO. 05-C-1352**

**SEDGWICK OF ILLINOIS, INC.,**
**MARSH, INC.,**
**OWENS GROUP, INC.,**
**AMERICAN INTERNATIONAL**
**SPECIALTY LINES INSURANCE COMPANY, and**
**AID TECHNICAL SERVICES, INC.**
**(n.k.a AIG DOMESTIC CLAIMS, INC.),**
    Defendants.

**and**

**AMERICAN INTERNATIONAL**
**SPECIALTY LINES INSURANCE COMPANY,**
    Third-Party Plaintiff,

v.

**CRUMP INSURANCE SERVICES**
**OF ILLINOIS, INC., and**
**CRUMP GROUP, INC.**
    Third-Party Defendants.

---

## ORDER DENYING MOTION FOR RECONSIDERATION

---

In this dispute over insurance coverage, plaintiff, Milwaukee Metropolitan Sewage District ("MMSD"), again seeks leave to amend its complaint to state a direct cause of action against Crump Insurance Services of Illinois, Inc. ("Crump"). Crump is already involved in this litigation as a third-party defendant to claims brought by defendant and third-party plaintiff American

International Specialty Lines Insurance Company ("AIG"). On September 14, 2007, this court denied MMSD's motion to amend its complaint. Then on September 20, 2007, Magistrate Judge William E. Callahan conducted mediation proceeddings. Mediation did not result in a settlement, and, on September 27, 2007, MMSD filed a motion requesting this court to reconsider its order denying MMSD's motion to amend.

In its present motion, MMSD reiterates many of its previous arguments, but with extended explanations. It also raises new grounds. By way of justification, MMSD contends that it was hindered by this district's rules regarding non-dispositive expedited motions, i.e. Civil L.R. 7.4, from fully developing its argument in its earlier motion or replying to Crump's response.

Previously and now, MMSD alleges that additional new evidence came to light, which supports its direct claim against Crump. Specifically, MMSD points to the deposition of Tim Turner, and argues that his testimony supports a conclusion that Crump assumed duties to MMSD, duties that Crump performed negligently and for which Crump may be held directly liable. (Docket No. 96 at 2.) In response to this court's September 14, 2007, Order, MMSD alleges that any additional discovery as a result of the amendment would be minimal. MMSD also again argues that not permitting its direct claim against Crump in this action would be inefficient with respect to cost and the utilization of judicial resources, MMSD would be required to commence a separate case against Crump, and then move to consolidate pursuant to Federal Rule of Civil Procedure 42(a).

Crump first responds by submitting that there is no procedural basis for MMSD's motion for reconsideration; MMSD is merely attempting to reargue a motion that it previously lost. Crump next argues that it would be prejudiced by having to conduct a new round of discovery, this time focusing on MMSD witnesses and their interaction with Crump. Crump also submits that MMSD could have sued Crump directly at any time on its theory of negligence.

2

In regard to Crump's procedural challenge, the court believes that MMSD has the right to ask this court to reconsider its prior ruling, but such relief is only available under limited circumstances.

> Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." Hope v. United States, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). See also Talano v. Northwestern Medical Faculty Foundation, Inc., 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was over-looked." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). In Frietsch v. Refco, Inc., 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:
>
>> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.
>
> 56 F.3d at 828.
>
> See also Oto v. Metropolitan Life Insurance Company, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); Divane v. Krull Electric Company, 194 F.3d 845, 850 (7th Cir. 1999); LB Credit Corporation v. Resolution Trust Corporation, 49 F.3d 1263, 1267 (7th Cir. 1995). The court has the inherent power to reconsider interlocutory orders. See Fisher v. National Railroad Passenger Corporation, 152 F.R.D. 145, 149 (S.D. Ind. 1993) ("The beneficial aspect of distinguishing between the two methods of relief is readily apparent when the strict standard for granting relief under Rule 60(b) is contrasted with the practically unbridled discretion of a district court to reconsider a previous interlocutory order.")

Day v. Hill, 2007 U.S. Dist. LEXIS 48626, 3-5 (N.D. Ind. 2007). "Ultimately, a motion for reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Brunker v. Schwan's Food Serv., 2006 U.S. Dist. LEXIS 41704, 3 (N.D. Ind. 2006) (quoting Global View Ltd. Venture Capital v. Great Central Basin Exploration, 288 F. Supp.2d 482, 483 (S.D.N.Y. 2003) (internal quotation omitted)).

The court now turns to the substance of the motion to determine whether MMSD has made a convincing case for the grant of such extraordinary relief. Most of the additional arguments that MMSD sets forth in its motion for reconsideration are not new. Rather, MMSD simply restates and at times expands upon its previously raised and rejected arguments. For example, the fact that the continuation of the Turner deposition allegedly developed additional evidence to support MMSD's claim does not merit reconsideration. In considering the initial motion, the court proceeded on the basis that MMSD possessed sufficient evidence to support a good faith claim against Crump. It is equally unpersuasive that MMSD states that it may pursue a separate direct cause of action against Crump and then move for consolidation pursuant to Rule 42(a). MMSD previously argued that amendment was appropriate to prevent MMSD from having to file a separate action against Crump. Although in its earlier motion, MMSD did not explicitly mention the possibility of seeking consolidation, any consideration of the merits of that procedural option is premature and speculative.

The only new events that have occurred between this court's denial of MMSD's motion to amend and its motion for reconsideration are first, that the mediation was conducted but failed to result in settlement; and second, that the court established dates for filing motions for summary judgment and for trial.

The latter scheduling event takes away the prior argument of MMSD that there would be no substantial delay because a trial date had not yet been scheduled in this matter. During a scheduling conference held on October 11, 2007, in accordance with this court's March 19, 2007 order, the court scheduled a seven-day jury trial to commence on November 17, 2008 and a final pretrial conference for October 30, 2008. Summary judgment motions, if any, are to be filed on December 3, 2007.

4

This case has already been pending for nearly two years. It will be at least another year before this matter comes to trial. Permitting amendment at this point will almost surely require further delays in the processing of this case. The discovery deadline in this case was already extended to May 31, 2007 from the previously scheduled deadline of March 1, 2007. (Docket No. 81.) It was not until August 3, 2007, more than two months after the close of the extended discovery period, and after this case had been scheduled and rescheduled for mediation, that MMSD sought to amend its complaint. Permitting MMSD to amend its complaint would necessarily require the court to again extend the discovery period. Additionally, the deadline for dispositive motions, currently set for December 3, 2007, would almost surely have to be pushed back.

The court finds that the need to avoid further delays in obtaining a resolution in the currently pending case outweighs any interest in judicial economy that would be compromised by denying MMSD's motion to amend. Therefore, for the reasons set forth above, and those set forth in this court's earlier decision denying MMSD's motion to amend, the court shall deny MMSD's motion for reconsideration.

**IT IS THEREFORE ORDERED** that MMSD's Motion for Reconsideration, (Docket No. 99), is **denied**.

Dated at Milwaukee, Wisconsin this <u>6th</u> day of November, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
