# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**MILWAUKEE METROPOLITAN SEWAGE DISTRICT,**

       **Plaintiff,**

    **v.**                           **Case No. 05-CV-1352**

**AMERICAN INTERNATIONAL SPECIALTY LINES
    INSURANCE COMPANY**

       **Defendant / Third Party Plaintiff,**

    **v.**

**CRUMP GROUP INC. and
CRUMP INSURANCE SERVICES OF ILLINOIS, INC.,**

       **Third Party Defendants.**

---

## FINAL PRETRIAL ORDER

---

On December 22, 2008, a final pretrial conference was conducted before this court. A jury trail is scheduled to commence on January 5, 2009 at 9:00 AM in Courtroom 284. Appearing on behalf of MMSD were attorneys Donald A. Allen, James C. Reiher, and Michael J. Anderson. Appearing on behalf of AISLIC were attorneys Mark W. Rattan and Stephanie L. Dykeman. Appearing on behalf of Crump were attorneys Kevin A. Christensen and John E. Cain.

Based upon the court's consideration of the parties' pretrial reports, the motions filed, and the statements of counsel, for the reasons more fully stated on the record, the court enters the following Order, which shall govern the trial in this matter:

1. An eight-person jury shall be selected. Their verdict shall be unanimous. Peremptory challenges shall be expanded to accommodate jury selection and shall be divided equally among the three parties. If there are an unequal number of peremptory challenges, the plaintiff shall exercise the first peremptory challenge, and the defendants shall agree upon the exercise of the second. The plaintiff's request to submit proposed voir dire questions is denied as untimely.

2. The jurors will be permitted to take notes, but will not be permitted to ask questions of witnesses.

3. The parties shall provide the court with a binder of all parties' exhibits. This binder shall be for the court's use. The parties shall provide this binder to the court no later than the morning immediately before the commencement of the trial. The parties have agreed to submit a single joint amended exhibit list that eliminates duplicate exhibits and numbers all exhibits sequentially beginning with number 1.

4. The parties have stipulated that they have no objections to the authenticity of any exhibit on any parties' exhibit lists submitted with their pretrial reports.

5. All exhibits received in evidence shall be sent to the jury room during jury deliberation unless a specific objection to doing so is raised by a party following the conclusion of the trial. The jury shall receive a copy of the jury instructions, and each juror will receive a copy of the special verdict for their deliberations.

6. If a party wishes to publish an exhibit to the jury, the party may utilize demonstrative means to make that exhibit visible to all jurors simultaneously or provide each juror with a paper copy of the exhibit.

7. Each party is responsible for ensuring the appearance of any witness it intends to call to testify.

2

8.  Only a single attorney for each party shall examine or cross-examine any individual witness.

9.  Only if absolutely necessary are parties to ask for a side-bar conference if the jury is present. Ordinarily, if additional argument or explanation is necessary regarding an objection, the objection should be raised and the party should request to be heard at the next break.

10. The parties agree that out-of-state witnesses Turner, Essex, and Pillar shall be subject to full examination by all parties at the time the witness is initially called.

11. Trial days shall begin at 9:00 A.M., with a break in the morning, roughly one hour for lunch, an afternoon break, and court will adjourn for the day at 5:00 P.M.

12. The parties will have access to the courtroom beginning at 8:00 A.M. on Monday, January 5, 2009 to set up equipment. On other trial days, the parties can expect the courtroom to be open at 8:30 A.M.

13. The plaintiff's Motion to Enlarge Time to File Amended Exhibit List, (Docket No. 216), is **granted**. The court accepts MMSD's proposed exhibit list, (Docket No. 216-2), as its amended exhibit list.

14. The motions of AISLIS and MMSD to read-in depositions in excess of the page limit set forth in Civil Local Rule 16.3, (Docket Nos. 217 and 224), regarding the depositions of Roger Maurer and Joseph Spina are **granted**.

15. Parties agree that with respect to the transcripts of any depositions, or portions thereof, that a party may wish to file, the party may file a true and correct copy of the deposition transcript in lieu of the original transcript.

16. MMSD's Motion in Limine #1 to Bar Introduction of Evidence of Noncompliance with Licensure and Dumping Regulations, (Docket No. 190), is **granted**.

3

17. MMSD's Motion in Limine #2 to Bar Introduction of Evidence that Crump was not an Agent of AISLIC, (Docket No. 191), is **granted**.

18. MMSD's Motion in Limine #3 to Bar Testimony of Undisclosed Witnesses for Failure to Comply with Rules 26(a) and 26 (e), (Docket No. 192), is **withdrawn by MMSD**.

19. MMSD's Motion in Limine #4 to Bar Introduction of Evidence that Waste Ash was not a Covered Pollution Condition, (Docket No. 193), is **granted**.

20. AISLIC's Motions in Limine, (Docket No. 213), are **denied without prejudice**.

21. MMSD's "Motion Strike AISLIC's Untimely Motion in Limines," (Docket No. 225), is **denied**.

22. Crump's Motions in Limine, (Docket No. 203), are **denied without prejudice**.

23. MMSD's Motion to Strike Crump's Untimely Motions in Limine, (Docket No. 226), is **denied**.

24. MMSD's Motion for Bench Trial, (Docket No. 219), which it orally modified to be a motion to strike AISLIC and Crump's jury demands, is **denied in part and granted in part**.

"As a general rule, the right to a jury trial is protected by the Seventh Amendment when the claim is a legal one, but not if it is equitable." Hatco Corp. v. W.R. Grace & Co., 59 F.3d 400, 411 (3d Cir. 1995). The two claims that remain for trial, MMSD's reformation claim against AISLIC, and AISLIC's contribution / indemnification claim against Crump, are both equitable in nature. See, e.g., Giant Eagle v. Federal Ins. Co., 884 F. Supp. 979, 985 (W.D. Pa. 1995) (holding that reformation claim is equitable in nature); Aetna Casualty & Sur. Co. v. Chicago Ins. Co., 994 F.2d 1254, 1257 (7th Cir. 1993) (concluding that contribution is an equitable remedy).

AISLIC filed a response in opposition to MMSD's motion, (Docket No. 229), and at the final pretrial conference Crump stated that it shared AISLIC's opposition to MMSD's motion.

4

AISLIC agrees that the issues remaining for trial are equitable in nature but that a jury trial remains appropriate because of the "myriad of underlying factual issues . . . upon which a judgment on these claims must rest." (Docket No. 229 at 3.) In support, AILSIC cites two Wisconsin cases wherein reformation claims were determined by a jury. Hammel v. Queen Ins. Co., 50 Wis. 240, 50 Wis. 240, 6 N.W. 805 (1880); Gilbert v. United States Fire Ins. Co., 49 Wis. 2d 193, 181 N.W.2d 527 (1970).

Simply because an equitable claim requires factual determinations does not mean that there exists a right to a trial by jury on that equitable claim. All manner of equitable claims require factual determinations. If the court were to accept AISLIC's position that a party has a right to a jury trial any time there are factual determinations underlying an equitable claim, it would effectively extend a right to a jury trial to most every manner of controversy. Further, regardless of whether Wisconsin courts have tried claims for reformation to juries, this is not dispositive to the issue presently before this court. The question before this court is whether there exists a right to a jury trial in federal court under the Seventh Amendment.

The case before this court is complicated by the fact that it is not solely a dispute between MMSD and AISLIC. Rather, there is also AISLIC's claim against Crump. Both Crump and AISLIC continue to demand a jury trial. Although a claim for contribution is generally regarded as an equitable claim for which parties do not have a right to a jury trial, pursuant to Federal Rule of Civil Procedure 39(c)(2), the court has the discretion to try the matter to a jury based upon the consent of the parties. If the matter of contribution constituted a separate and independent claim, the court could exercise its discretion and present the issue to the jury, and the jury's verdict would have "the same effect as if a jury trial had been a matter of right." Fed. R. Civ. P. 39(c)(2). However, while contribution is a discrete issue, since Crump is AILSIC's agent, the same factual determination will be used to resolve questions of reformation and contribution. In other words, if AISLIC is required

to reform the policy of insurance as a result of Crump's actions or inactions, it will look to Crump for contribution.

To further complicate matters is the fact that included in MMSD's claim for reformation, is a claim for coverage relating to its loss. There exists a dispute as to the amount of MMSD's loss. (See Docket No. 176 at 26-27.) An action for recovery under an insurance policy is a matter at law for which the Seventh Amendment provides a right to a jury trial. See Morgantown v. Royal Ins. Co., 337 U.S. 254, 260 (1949). AISLIC has properly invoked this right and accordingly, this demand may be withdrawn only by the consent of all the parties. See Fed. R. Civ. P. 38(d), 39(a)(1). But again, the issue of the amount of MMSD's loss is dependent upon the question of reformation.

Therefore, all of these questions, i.e. the amount of MMSD's loss and whether AISLIC is entitled to contribution or indemnification from Crump, are dependent upon the resolution of whether MMSD is entitled to reformation of its policy with AISLIC. Accordingly, MMSD must prevail on its reformation claim before the additional questions come into play. This court cannot simply present all questions to the jury for a binding jury verdict because reformation is an equitable claim and MMSD has not consented to having the jury issue a binding verdict. See Fed. R. Civ. P. 39(c)(2).

To resolve the present dispute, the court chooses an alternative option where, in accordance with Fed. R. Civ. P. 39(c)(1), the jury shall serve in an advisory capacity and be presented with the factual predicates which will enable the court to determine whether MMSD is entitled to reformation and, in turn, whether AISLIC is entitled to contribution. In addition, regardless of the jury's resolution of the underlying factual questions, it shall be instructed to determine the amount of MMSD's loss. Parenthetically, the suggested special verdict questions submitted by both AISLIC and Crump ask the jury to answer the factual questions that form the foundation for the resolution of the two equitable issues. Upon receipt of the jury's advisory verdict, the court shall then issue its

decision on the questions of reformation, contribution, and loss in accordance with Fed. R. Civ. P. 52(a).

The jury shall not be informed that its verdict shall be advisory only, and no party or witness should make any mention or allusion to this fact before the jury. Each party shall be responsible for ensuring that the witnesses it calls are aware that the jury is not to be informed that its verdict shall be advisory only.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this <u>24th</u> day of December 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
