UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MILWAUKEE METROPOLITAN SEWAGE DISTRICT,

        Plaintiff,

    v.                              Case No. 05-CV-1352

AMERICAN INTERNATIONAL SPECIALTY LINES
   INSURANCE COMPANY

        Defendant / Third Party Plaintiff,

    v.

CRUMP GROUP INC. and
CRUMP INSURANCE SERVICES OF ILLINOIS, INC.,

        Third Party Defendants.

---

## ORDER DENYING PLAINTIFF'S POST-JUDGMENT MOTIONS

---

**MOTION FOR RECONSIDERATION**

On February 6, 2009, MMSD filed a motion requesting that the court again reconsider its order regarding the requirement that the amount of judgment against AISLIC be set-off against the amount MMSD received from Sedgwick / Marsh. (Docket Nos. 291, 292.) The court stands by its prior decisions. Therefore, for the reasons set forth in its prior orders, (see Docket Nos. 282, 288), MMSD's motion for reconsideration, (Docket Nos. 291, 292), is **denied**.

**MOTION FOR PREJUDGMENT INTEREST**

MMSD has also filed a motion seeking prejudgment interest. (Docket Nos. 293, 294.) Under Wisconsin Statute § 628.46 an insurer must pay insurance claims within 30 days unless it has "reasonable proof to establish that the insurer is not responsible for the payment." "'Reasonable

proof" means that amount of information which is sufficient to allow a reasonable insurer to conclude that it may not be responsible for payment of a claim." Kontowicz v. Am. Std. Ins. Co., 2006 WI 48, ¶48, 290 Wis. 2d 302, 714 N.W.2d 105 (2006). If an insurer fails to pay an insurance claim under Wis. Stat. § 628.46, after 30 days interest begins to accrue at an annual rate of 12%.

MMSD contends that AISLIC knew that MMSD had incurred at least $404,148.51 (the amount the jury determined MMSD incurred remediating the pollution condition on the Lincoln Creek parcel), and thus it should be required to pay interest on this amount from June 8, 2000 (the 31st day following the claim) through January 27, 2009 (the date of the judgment). Alternatively, MMSD contends that AISLIC is required to pay interest from the June 8, 2000 through December 7, 2001, the date that AISLIC might have first acquired reasonable proof that it was not responsible for MMSD's claim.

AISLIC certainly had reasonable proof to conclude that it was not responsible for MMSD's insurance claim. It was undisputed that the policy did not provide coverage for the Lincoln Creek parcel. If AISLIC lacked any "reasonable proof," MMSD would have prevailed on summary judgment. But MMSD did not prevail at summary judgment; there were numerous disputes of material fact, many of which rested upon credibility determinations, which necessitated a trial to resolve. Simply because the court found against AISLIC and reformed the insurance policy does not mean that AISLIC lacked "reasonable proof" to support its belief that it was not responsible for MMSD's claim.

Further, the court finds no support in Wisconsin law for MMSD's contention that it is entitled to interest during the period in which AISLIC was apparently investigating the claim. Although the statute provides 30 days for an investigation, if an investigation takes longer than this, the insurer continues its investigation at its own peril and perhaps cost. It is essentially gambling that its investigation will uncover "reasonable proof" that it is not responsible for the claim. If no

-2-
Case 2:05-cv-01352-AEG    Filed 02/13/09    Page 2 of 4    Document 303

such evidence is uncovered, the insurer would be required to pay for its delay in the form of interest on the claim accruing at the rate of 12% per year, starting with the 31st day after the claim was filed. In this case, the insurer won its gamble. Its investigation uncovered "reasonable proof." Accordingly, the court finds no basis to award MMSD interest pursuant to Wis. Stat. § 628.46.

Finally, MMSD seeks prejudgment interest from the date it filed the present suit to the date of the judgment. Prejudgment interest runs from the date that damages are liquidated or determinable. Merrill v. Wenzel Bros., Inc., 88 Wis. 2d 676, 698, 277 N.W.2d 799, 808-09 (1979); Teff v. United Health Plans Ins. Corp., 2003 WI App 115, ¶43, 265 Wis. 2d 703, 666 N.W.2d 38 (citing Johnson v. Pearson Agri-Systems, Inc., 119 Wis. 2d 766, 771, 350 N.W.2d 127 (1984)). Simply because there may be a dispute as to liability for the liquidated or determinable amount does not bar the assessment of interest. Nelson v. Travelers Ins. Co., 102 Wis. 2d 159, 170-71, 306 N.W.2d 71, 77 (1981); United Capitol Ins. Co. v. Bartolotta's Fireworks Co., 200 Wis. 2d 284, 300, 546 N.W.2d 198, 204 (Ct. App. 1996). An amount is determinable when there is "a reasonably certain standard of measurement by the correct application of which one can ascertain the amount he owes." Wyandotte Chem. Corp. v. Royal Electric Mfg. Co., 66 Wis. 2d 577, 582, 225 N.W.2d 648, 651 (1975) (quoting Laycock v. Parker, 103 Wis. 161, 186 79 N.W. 327, 335 (1899)). If damages are determinable only by resolution of factual disputes, the amount is not fixed and determinable and therefore prejudgment interest is not appropriate. Teff, 2003 WI App 115, ¶50, 265 Wis. 2d 703, 666 N.W.2d 38 (citing Loehrke v. Wanta Builders, Inc., 151 Wis. 2d 695, 707, 445 N.W.2d 717 (Ct. App. 1989); Chevron Chem. Co. v. Deloitte & Touche, 176 Wis. 2d 935, 951, 501 N.W.2d 15 (1993)).

MMSD contends that the amount of its claim was readily determinable by reviewing Exhibit 75B. The court finds no merit in MMSD's argument. Within the same paragraph that MMSD argues that its claim was fixed and readily determinable, it again notes its disagreement with the

jury's conclusion that only $404,148.51 of MMSD's claimed loss of $731,835.00 was incurred as a result of the discovery of the pollution condition on the Lincoln Creek parcel. The amount of MMSD's claim could hardly be considered fixed and determinable if the jury concluded that MMSD was entitled to only a fraction of the amount it requested and when even post-judgment MMSD continues to dispute the amount of its loss. Therefore, MMSD's motion for prejudgment interest, (Docket Nos. 293, 294), is **denied**.

**MOTION FOR ADDITUR OR FOR A NEW TRIAL ON DAMAGES**

MMSD moves pursuant to Federal Rule of Civil Procedure 59(e) for an increase in the damage award from $226.648.51 to $554,335.75; alternatively, MMSD moves for a new trial limited to the issue of damages pursuant to Rules 59(a)-(b). (Docket No. 295, 296.) Under Wisconsin law, if a trial court determines that a damage award is inadequate, the court shall determine an amount which as a matter of law is reasonable. Wis. Stat. § 805.15(6). The opposing party has the option of either accepting that amount or having a new trial limited to damages. Id.

The court does not find the jury's damage award inadequate. There was evidence that certain of the costs that MMSD claimed it incurred remediating the pollution condition on the Lincoln Creek parcel would have been incurred anyway as a part of the planned flood plain lowering project. The jury analyzed this evidence, Exhibit 75B in particular, and reached a reasonable conclusion that is supported by the evidence. (See also Docket No. 282 at 15-16.) Therefore, MMSD's motion, (Docket Nos. 295, 296), is **denied**.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 13th day of February 2009.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge